UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 07 C 6955 |
| | ) | (02 cr 688) |
| ALFONZO INGRAM | ) | Judge Bucklo |

NOTICE OF FILING

TO:   Alfonzo Ingram
        #20864-424
        Federal Correctional Center
        P.O. Box 9000
        Seagoville, TX  75159-9000

   PLEASE TAKE NOTICE that on Friday, February 1, 2008, the undersigned filed with the Clerk, U.S. District Court, 219 S. Dearborn, Chicago, IL, the GOVERNMENT'S RESPONSE TO § 2255 PETITION, a copy of which is served upon you herewith.

                               Respectfully submitted,

                               PATRICK J. FITZGERALD
                               United States Attorney

                    By:    s/Barry A. Miller
                               BARRY A. MILLER
                               Assistant United States Attorney
                               219 South Dearborn Street, 5th Floor
                               Chicago, Illinois  60604
                               (312) 886-1325

**Certificate of Service**

The undersigned, an attorney, hereby certifies that he caused a copy of the foregoing document to be served upon the above-named party by first class mail, postage prepaid, this 1st day of February, 2008.

                               s/Barry A. Miller
                               Assistant U.S. Attorney

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 07 C 6955 |
| | ) | (02 cr 688) |
| ALFONZO INGRAM | ) | Judge Bucklo |

**GOVERNMENT'S RESPONSE TO §2255 PETITION**

The UNITED STATES OF AMERICA, by its attorney, PATRICK J. FITZGERALD, United States Attorney for the Northern District of Illinois asks the Court to dismiss this §2255 petition. Defendant raises an argument about constructive amendment that is both procedurally barred and incorrect. In addition, under the guise of ineffective assistance of counsel, defendant raises arguments that have previously been rejected by this Court and the Seventh Circuit, and have no merit.

I.  FACTUAL BACKGROUND OF PROCEEDINGS
IN THIS COURT AND THE SEVENTH CIRCUIT.

A.   The Original Case - Ingram's Conviction.

1.   Summary of evidence.

Ingram was convicted after a jury trial of conspiring to possess a controlled substance. With his co-defendant, Pierre Dawson, Ingram was arrested when they showed up at a drug purchase with approximately $270,000. Ingram and Dawson arrived after a series of recorded conversations between Dawson and Oscar Diaz, a confidential informant, in which the terms of the deal were negotiated. Ingram made incriminating comments when he and Dawson met Diaz just prior to the arrest.

2.  Summary of 404(b) evidence.

The 404(b) evidence derived, in part from a statement of co-defendant Pierre Dawson that Rose Aubrey, whom he called "the broad," was stopped with 90 kilos of crack, and was sentenced to 25 years. Tr355.  Aubrey testified that she rented a van on approximately 12-20 occasions and drove it from Dallas to Memphis.  She said she carried cocaine each time and received $10,000 for each trip. Tr823-24.  In Memphis she usually delivered the van with the cocaine to Ingram, and Dawson was also present at times. Tr825-27, 861.  The first trip was around April 11, 1998, and the last trip, the one at which she was arrested, occurred in April 2000.  Tr825.  In the first trip, Ingram and Dawson met Aubrey at a motel. Tr862.  She said that when she delivered the cocaine-laden van to Ingram, he would remove the license plate and keep the van. Tr827.

3.  Ingram's sentence.

Ingram was sentenced to 300 months imprisonment.  The Seventh Circuit affirmed the conviction. *United States v. Dawson,* 425 F.3d 389 (7th Cir. 2005), *modified on reh'g*, 434 F.3d 956 (7th Cir. 2006).  Following a *Paladino* remand, the Seventh Circuit affirmed the sentence.  170 Fed. Appx. 974 (7th Cir. March 17, 2006), *reh'g en banc* denied, 2006 U.S. App. LEXIS 13115 (May 9, 2006).  *Certiorari* was denied December 11, 2006.  *United States v. Ingram*, 127 S. Ct. 831 (2006).

B.  The 2255 Petition.

Ingram filed the §2255 petition in this case with a certificate of service on December 6, 2007.  It was filed by the Clerk on December 11, 2007.[1]

---

[1]   Ingram's petition, therefore, was timely.  Under 28 U.S.C. § 2255, the limitations period for filing a § 2255 petition runs one year from the date that the Supreme Court denied *certiorari*.  *See Clay v. United States*, 537 U.S. 522 (2003); *Robinson v. United States*, 416 F.3d 645 (7th Cir. 2005).

The petition states two grounds for relief. First, Ingram claims that there was a constructive amendment to the indictment that permitted conviction without Ingram's knowledge that the drug was cocaine. Second, Ingram claims that he was denied effective assistance of counsel because of (a) an alleged failure to object when the government witness testified to a conspiracy involving crack, (b) the alleged failure of counsel to object to the inclusion of relevant conduct in the sentence, (c) the alleged failure of counsel to object to an instruction that defendants did not know the identity of the drug in the transaction, and (d) the alleged failure of counsel to appeal issues (b) and (c).

II. THE APPLICABLE LEGAL STANDARDS FOR REVIEW OF A § 2255 PETITION.

Several familiar legal principles govern consideration of this provision.

A.  A § 2255 Petition Is Not a Substitute for an Appeal.

> A § 2255 motion is "neither a recapitulation of nor a substitute for a direct appeal." *McCleese v. United States*, 75 F.3d 1174, 1177 (7th Cir. 1996) (quoting *Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992) (overruled on other grounds)). Issues that were raised on direct appeal may not be reconsidered on a § 2255 motion absent changed circumstances. *Olmstead v. United States*, 55 F.3d 316, 319 (7th Cir. 1995); *Belford*, 975 F.2d at 313.

*Varela v. United States*, 481 F.3d 932, 935-36 (7th Cir. 2007). *Accord, McCarter v. United States* ___ F. Supp .2d ___, 2007 WL 4561583, at *3 (N.D. Ill. Dec. 21, 2007)(Bucklo, J.). Issues that were decided in the first appeal cannot be relitigated. *See, e.g., White v. United States*, 371 F.3d 900, 902-03 (7th Cir. 2004).

B.  An Issue Not Raised on Direct Appeal Is Barred Absent a Showing of Cause and Prejudice.

Issues that were not raised on the direct appeal are barred unless the petitioner can show cause and prejudice. *See, e.g., Massaro v. United States*, 538 U.S. 500, 504 (2003).

C.     General Legal Standards for § 2255 Cases Involving Claim of Ineffective Assistance.

The Seventh Circuit stated the law for claims of ineffective assistance of counsel in §2255 petitions in *Gallo-Vasquez v. United States,* 402 F.3d 793 (7th Cir. 2005):

> To prevail on a claim of ineffective assistance of counsel, petitioner must satisfy the two-part test first articulated in *Strickland v. Washington*, 466 U.S. 668 (1984). First, petitioner "must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. Second, petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

402 F.3d at 798 (parallel citations omitted). *Accord*, *Diaz v. United States*, 377 F. Supp. 2d 652, 654 (N.D. Ill. 2005)(Bucklo, J.)(applying "strong presumption" of effective assistance).

Judge Conlon has emphasized the heavy nature of the burden on petitioner.

> The test is "arduous." *United States v. Gilmore*, No. 98 C 1661, 1999 WL 262151, at *5 (N.D.Ill. Apr. 22, 1999) (Kocoras, J.). First, the defendant must show his counsel's performance fell below an objective standard of reasonableness under prevailing professional norms. *Richardson v. United States*, 379 F.3d 485, 487 (7th Cir. 2004). The errors complained of must be so serious that counsel did not function as "counsel" guaranteed by the Sixth Amendment. *United States v. Holman*, 314 F.3d 837, 839 (7th Cir.2002). Second, the defendant must prove the errors were prejudicial. *Cooper v. United States*, 378 F.3d 638, 640-41 (7th Cir.2004). Prejudice is established by showing "there is a reasonable probability that, but for the counsel's unprofessional errors, the result of the proceeding would have been different." *Benefiel v. Davis*, 357 F.3d 655, 661 (7th Cir.2004) (quoting *Strickland,* 466 U.S. at 694).

*U.S. v. Dumeisi*, No. 06 C 4165, 2006 WL 2990436, at *4 (N.D. Ill. Oct. 17, 2006)(footnote and parallel citations omitted).[2]

---

[2]    Judge Conlon continued:

> The court's review of an ineffective assistance claim is "highly deferential" to counsel. *Holman*, 314 F.3d at 840. The "underlying assumption [is] that 'counsel's conduct
> 
> (continued...)

Further, as this Court recently observed, "Counsel's performance must be evaluated from the point of view at the time of the decisions, and must be given a heavy presumption of competence. *United States v. Hall*, 212 F.3d 1016, 1021 (7th Cir. 2000)." *Stevenson v. United States*, No. 05 C 1448, 2007 WL 1888810, at *1 (N.D. Ill. June 29, 2007)(Bucklo, J.).

In cases where the evidence is overwhelming and there is no showing of prejudice, relief should be denied. *See, e.g., Cooper*, 378 F.3d at 642 (no prejudice where evidence if overwhelming and trial result was not fundamentally unfair); *Richardson*, 379 F.3d at 487-88 (appellate court need not even review claim of ineffective assistance on §2255 petition if no showing of prejudice). The petition should be denied if petitioner cannot show either prejudice or ineffective assistance, and the Court need not address both points if one is clearly inadequate. *See, e.g., Pedroza v. United States*, No. 02 C 7451, 2003 U.S. Dist. LEXIS 6764, at *3 (April 21, 2003)(Lindberg, J.). *See also United States v. Garrett*, No. 05 C 1582, 2005 WL 2171182 (N.D. Ill. Sept. 2, 2005)(Bucklo, J.)(where there is no prejudice, court need not consider adequacy of representation).

D.      The Same Standard Applies to Appellate Counsel as to Trial Counsel.

As this Court has observed:

---

2/      (...continued)
falls within the wide range of reasonable professional assistance." ' *Id.* (quoting *Strickland,* 466 U.S. at 689). Courts "presume counsel made reasonable strategic choices unless the defendant presents evidence rebutting that presumption." *United States v. Traeger*, 289 F.3d 461, 472 (7th Cir. 2002). It is not the role of the court to second-guess counsel's strategic choices at trial. *See United States v. Williams,* 106 F.3d 1362, 1367 (7th Cir. 1997).

*Dumeisi, supra. See also, e.g., United States v. Edwards*, No. 03 C 4029, 2004 U.S. Dist. LEXIS 23110, at *9 (N.D. Ill. Nov. 12, 2004) (Leinenweber, J.)(strong presumption that tactical decisions by defense attorneys are objectively reasonable); *United States v. Arrington*, No. 00 C 1144, 2001 U.S. Dist. LEXIS 9727, at **11-12 (N.D. Ill. July 11, 2001)(Castillo, J.)(heavy burden on defendant to show that counsel's performance was objectively unreasonable and that result would have been different).

> The test for ineffective assistance of appellate counsel is the same as that for ineffective assistance of trial counsel. Mason v. Hanks, 97 F.3d, 887, 892 (7th Cir.1996) (citations omitted). There is a "strong presumption" that Mr. Bew's counsel was constitutionally effective. *Id.* (citing *Strickland,* 466 U.S. at 686, 104 S.Ct. 2052).

*United States v. Bew*, 445 F. Supp. 2d 921, 924 (N.D. Ill. 2006)(Bucklo, J.)(emphasis added).

E.  There Is No Need for an Evidentiary Hearing if a Claim Is Meritless.

While an evidentiary hearing is available if there is a genuine issue of material fact, if petitioner's claims are meritless, there is no need for an evidentiary hearing. This point was recently reviewed by the Court of Appeals in *Almonacid v. United States*, 476 F.3d 518 (7th Cir.), *cert. denied*, 127 S.Ct. 2988 (2007):

> As we noted recently in *Kafo v. United States*, 467 F.3d 1063, 1068 (7th Cir. 2006), relief under § 2255 is an extraordinary remedy because it asks the district court essentially to reopen the criminal process to a person who already has had an opportunity for full process. Consequently, Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts provides that "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." Only when the district court has determined that the § 2255 motion ought not be dismissed at that early stage does the district court have occasion to determine whether an evidentiary hearing is required. *See* Rule 8(a) of the Rules Governing Section § 2255 Proceedings for the United States District Courts. As we said in *Bruce v. United States*, 256 F.3d 592 (7th Cir. 2001), a "district court need not grant an evidentiary hearing in all § 2255 cases." *Id.* at 597. "Such a hearing is not required if 'the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" Id. (quoting 28 U.S.C. § 2255).

476 F.3d at 521 (emphasis added). *Accord, e.g., Gallo-Vasquez*, 402 F.3d at 797.

"'Failure to raise a losing argument, whether at trial or on appeal, does not constitute ineffective assistance of counsel.'" *United States v. Andrews*, Nos: 1:01-CR-93-TS, 1:06-CV-362, 2007 U.S. Dist. LEXIS 44043, at *26 (N.D. Ind. June 15, 2007), *quoting Stone v. Farley*, 86 F.3d 712, 717 (7th Cir. 1996).

## III. INGRAM'S PETITION SHOULD BE DENIED BECAUSE HIS CLAIMS ARE MERITLESS.

The Court should deny Ingram's claims without a hearing because each claim is meritless.

A.   There Was No Constructive Amendment to the Indictment.

Ingram's Memorandum at 11-13 seems to be arguing that the admission of 404(b) testimony about crack and prior cocaine transactions constituted a constructive amendment of the indictment, which permitted his conviction without his knowledge that the drug was cocaine. This argument fails for several reasons.

First, this argument is barred because it was not raised on direct appeal, and there was no cause nor prejudice for this waiver. *See, e.g., Massaro v. United States*, 538 U.S. 500, 504 (2003).\

Second, the presence of Rule 404(b) evidence does not, by itself, constructively amend the indictment, as long as the jury was properly instructed. As the Seventh Circuit wrote in *United States v. Mounts,* 35 F.3d 1208, 1216 (7th Cir. 1994):

> [I]n *United States v. Kreiser*, 15 F.3d 635, 641 (7th Cir. 1994) . . . the defendant argued that government's Rule 404(b) evidence constructively amended his indictment. This Court held that where the district court properly instructs the jury as to the limited purpose of Rule 404(b) evidence and the defendant presents no evidence to rebut the strong presumption that the jury followed the instructions, there is no unconstitutional expansion of the indictment. *Id.* Since Mounts similarly provides no evidence to indicate that the jury disregarded its instructions, his challenge necessarily fails.

The rule of *Kreiser* governs here, since the jury was properly instructed, and there is no reason to believe that the jury disregarded its instructions.[3/]

---

[3/]   The Court did read a limiting instruction to the jury when Oscar Diaz gave testimony of a prior transaction. Tr.262. And Ingram's Memorandum at 17 acknowledges that a 404(b) instruction was given in the final jury instruction.

Finally, Ingram's entire premise is wrong. Even if the indictment had alleged cocaine, and the proof was of possession of cocaine base, that would not be a constructive amendment. *See e.g., United States v. Rutherford*, 175 F.3d 899, 906 (11th Cir. 1999)(nature of the controlled substance is not an element, so proof of cocaine base is not a constructive amendment of indictment), *see also United States v. Gougis*, 432 F.3d 735, 745 (7th Cir. 2005)(nature of controlled substance not an element).

In any event, the evidence of guilt here was overwhelming, so there was no prejudice. *See United States v. Dawson*, 2004 WL 1175719, at *1 (N.D. Ill. May 26, 2004)(denying post-trial motions)(evidence of guilt in this case was "damning").

B.  <u>Ingram Was Not Denied Effective Assistance of Counsel</u>.

Each of Ingram's specific arguments as to why he was allegedly denied effective assistance of counsel is wrong.

1.  <u>The alleged failure to object enough to Rose Aubrey's 404(b) evidence</u>.

Ingram's Memorandum at 14-16 argues that counsel was ineffective because counsel allegedly objected to the admission of Rose Aubrey's 404(b) testimony on the wrong ground – Ingram claims that counsel also should have objected on the ground that since Aubrey testified about crack, the testimony couldn't have been admitted to show intent for a cocaine conspiracy.

In fact, counsel did object to the introduction of the 404(b) evidence in general on several grounds, but counsel's argument was rejected by this Court at the trial and in the post-trial motion. It was also raised on appeal, and the Seventh Circuit didn't even view it as serious enough to address in its opinion. The Court's prior ruling was clearly proper.

Also, the specific argument that Ingram claims wasn't raised -- the fact that Aubrey had crack, but the current charge was for powder, was in fact raised. At p.50 of his appellate brief, Dawson argued that the difference in the narcotic was a reason that this Court's 404(b) ruling was improper. Ingram adopted Dawson's brief on the point. Ingram's Appeal Brief at 42. This argument was rejected (implicitly) by the Seventh Circuit, when it affirmed the conviction.

Ingram can show neither cause nor prejudice on this ground. *See United States v. Smith*, No. 07 C 46, 2007 WL 4292799, (N.D. Ill. Dec. 4, 2007)(Bucklo, J.)(rejecting § 2255 claim of ineffective assistance for failure to object to 404(b) evidence where counsel did object, and evidence was, in any event, admissible).

2.  The alleged failure of counsel to object to the inclusion of relevant conduct in the sentence.

Ingram's next argument (at 17-18) is that counsel failed to object when Aubrey's testimony was taken into account in calculating relevant conduct. The short answer to this argument is that it is factually incorrect. Ingram's counsel filed a pleading on exactly this point. *See* "Defendant Alfonzo Ingram's Response to the Government's Consolidated Objections to the PSI, and Reply to the Government's Response to Defendant's Objections to the PSI" (Dkt #162, June 8, 2004).

The Court considered Ingram's counsel's argument but rejected it (Sentencing Tr. at 2-10), and this Court's sentencing decision was affirmed by the Seventh Circuit. There is no basis for granting the petition, since there was neither cause, prejudice, an omission by counsel, or ineffective assistance.

In any event, the Court was entitled to rely on relevant conduct in reaching its sentencing decision. And as this Court noted at sentencing, the Court did not even need to rely on the Aubrey

transactions in determining relevant conduct to reach the offense level the Court used at sentencing – testimony by Diaz about prior transactions would have led to the same result.

3. The alleged failure of counsel to object when the Court did not instruct that proof of knowledge of the specific drug was required.

Ingram's next argument is that counsel was ineffective because counsel did not object to the instructions on knowledge of narcotics. Ingram's Memorandum at 18-19 argues that the Court was required to instruct the jury that Ingram had to know the drug was cocaine as an element of the offense.

As noted above, the identity of a narcotic is not an element of the offense of conviction. *See Gougis*, 432 F.3d at 745 (nature of controlled substance not an element). As the Seventh Circuit held in *Gougis*:

> [The defendant] need not have known the specific drug type or quantity to be found guilty of conspiring or attempting to violate § 841. *See United States v. Martinez*, 301 F.3d 860, 865 (7th Cir.2002) ("[D]rug type and quantity are not elements of the offense.... Accordingly, a defendant may be convicted under § 841(a)(1) even if he does not know the type or quantity of the controlled substance.").

*Gougis*, 432 F.3d at 745.

Since there was no conceivable prejudice, there was no ineffective assistance.

4. The alleged failure of counsel to appeal the issues.

Ingram's final argument is that counsel improperly failed to appeal the issues raised above. Again, failure to raise a losing argument is not ineffective assistance. *See, Stone, supra; Andrews, supra*.

Further, appellate counsel are not required to throw the kitchen sink into a brief to raise every conceivable issue, but are entitled to focus on the best issues. As Judge Hibbler wrote in *Davis v. Winters*, No. 00 C 2548, 2003 U.S. Dist. LEXIS 15302 (N.D. Ill. Aug. 27, 2003):

> "Appellate lawyers are clearly not incompetent when they refuse to follow a 'kitchen sink' approach to the issues on appeals. To the contrary, one of the most important parts of appellate advocacy is the selection of the proper claims to urge on appeal." *Howard v. Gramley*, 225 F.3d 784, 791 (7th Cir. 2000)(citing *Schaff v. Snyder*, 190 F.3d 513, 526-27 (7th Cir.1999)). Instead, assistance of counsel is constitutionally ineffective only if counsel fails to raise issues that are "obvious" and "clearly stronger than the ones raised." *Kelly v. United States*, 29 F.3d 1107, 1112 (7th Cir.1994).

2003 U.S. Dist. LEXIS 15302 at **14-15.

## **CONCLUSION**.

WHEREFORE, the government respectfully requests that the Petition be dismissed.

                          Respectfully submitted,

                          PATRICK J. FITZGERALD
                          United States Attorney

                         s/Barry A. Miller
By:   BARRY A. MILLER
       Assistant United States Attorney
       219 S. Dearborn St., 5th Floor
       Chicago, Illinois  60604
       (312) 886-1325