IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALFONZO INGRAM, | ) |
| Petitioner, | ) |
| v. | ) No. 07 C 6955 |
| UNITED STATES OF AMERICA, | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Petitioner Alfonzo Ingram was convicted of one count of conspiracy to possess with intent to distribute in excess of five kilograms of mixtures containing a controlled substance, namely cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. He was sentenced to 300 months in prison. He has filed a *pro se* petition under 28 U.S.C. § 2255 alleging an improper constructive amendment of the indictment took place during trial and ineffective assistance of counsel. For the following reasons, the petition is denied.

I.

Ingram, along with his co-defendant Pierre Dawson, was charged with conspiracy to distribute and to possess with intent to distribute in excess of five kilograms "of mixtures containing a controlled substance, namely cocaine" and attempt to possess with intent to distribute the same quantity and mixtures containing a

controlled substance.  On June 18, 2004, a jury found Ingram guilty on the conspiracy charge (count I) and determined he was responsible for five or more kilograms of cocaine as part of the conspiracy.  The jury found Ingram not guilty on the attempt charge (count II).  He was sentenced to 300 months' imprisonment.  Ingram later appealed his conviction and sentence.  The Seventh Circuit upheld his conviction.  *See United States v. Dawson*, 425 F.3d 389 (7th Cir. 2005).

## II.

### A.  Constructive Amendment Claim

Ingram argues a constructive amendment of the indictment took place during trial, which violated his Fifth Amendment right to a grand jury.  The basis of Ingram's claim appears to be that although the indictment charged him with conspiracy to distribute and to possess with intent to distribute in excess of five kilograms "of mixtures containing a controlled substance, namely cocaine" the government was allowed to introduce Rule 404(b) evidence through the testimony of government informants Oscar Diaz and Rose Aubrey concerning transactions involving crack cocaine, which improperly amended the indictment.

"[A] constructive amendment occurs where proof at trial 'goes beyond the parameters of the indictment in that it establishes offenses different from or in addition to those charged by the grand jury.'"  *United States v. Pigee*, 197 F.3d 879, 886 (7th Cir.

1999) (quoting *United State v. Willoughby*, 27 F.3d 263, 266 (7th Cir. 1994)). The issue is "'whether [the defendant] was convicted of an offense not charged in the indictment.'" *Id*. at 887 (quoting *United States v. Miller,* 471 U.S. 130, 138 (1985) (alterations in original).

Ingram is not entitled to relief on this claim. First, the claim is not properly before me, as it was procedurally defaulted when Ingram failed to raise it on his direct appeal. *See Massaro v. United States*, 538 U.S. 500, 504 (2003) (citing *United States v. Frady*, 456 U.S. 152, 167-68 (1982); *Bousley v. United States*, 523 U.S. 614, 621-22 (1998)). Second, on the merits, the jury instructions were clear that Ingram's charges related to the possession of cocaine, consistent with the indictment.[1] Third, to the extent that Ingram argues that the admission of Rule 404(b) testimony about crack cocaine transactions constituted a constructive amendment of the indictment, the jury in this case was properly instructed as to the limited purpose of Rule 404(b) evidence during the final jury instructions. *See United States v. Mounts*, 35 F.3d 1208, 1216 (7th Cir. 1994). Petitioner cannot

---

[1] Petitioner cites to page 1194 of the trial transcript for the proposition that the jury instructions were inconsistent with the indictment, which was therefore constructively amended. Petitioner's argument is misplaced for several reasons, but immediately rebutted by the fact that citation refers to an instruction related to count II, for which defendant was found not guilty.

identify any actual prejudice in light of the jury instructions and the remaining evidence. Accordingly, Ingram's claim is denied.

### B. Ineffective Assistance Claim

Ineffective assistance of trial counsel may properly be raised in a § 2255 motion regardless of whether the issue was raised on direct appeal. *Massaro,* 538 U.S. at 505. To prevail, Ingram must show that (1) his counsel's performance was constitutionally deficient, and (2) the deficient performance prejudiced him with regard to the outcome of the trial. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984).

Ingram argues his counsel was ineffective because she failed to (1) object when Rose Aubrey testified about drug transactions involving crack cocaine and (2) object or question the propriety of calculating the drug amount obtained from the 404(b) evidence to set Ingram's base offense level. Both arguments are contradicted by the record in this case. In fact, Ingram's attorney did object to Aubrey's testimony both in motions *in limine* and post-trial motions. Ingram's attorney also filed a "Response to the Government's Consolidated Objections to the PSI" in which she argued the "Aubrey drug quantities are not relevant conduct." (Def. Resp. at 4-5, Doc. Entry # 162.) Therefore, these claims do not have merit.

Ingram also argues that his counsel was ineffective when she failed to object to this court's instruction to the jury that proof

of knowledge of the specific drug was not required.  As previously noted, this instruction was made in reference to count II, on which Ingram was acquitted.  Moreover, the Seventh Circuit has held that a defendant "need not have known the specific drug type or quantity to be found guilty of conspiring or attempting to violate § 841." *United States v. Gougis*, 432 F.3d 735, 745 (7th Cir. 2005) (citing *United States v. Martinez*, 301 F.3d 860, 865 (7th Cir. 2002)); *see also United States v. Kelly*, 519 F.3d 355, 363 (7th Cir. 2008) ("The particular type and amount of cocaine that a defendant possesses are not elements of the section 841 offense.").  Accordingly, petitioner cannot establish his counsel was constitutionally deficient when she did not object to the instruction.

Finally, Ingram argues counsel's failure to raise these issues on appeal constituted ineffective assistance of appellate counsel.  To establish an ineffective assistance of appellate counsel claim, Ingram must show that failure to raise the contested issue was objectively unreasonable and that counsel's decision not raise the issue prejudiced his case.  *Strickland*, 466 U.S. at 689; *Mason v. Hanks*, 97 F.3d 887, 892 (7th Cir. 1996).  In order to satisfy the prejudice prong, Ingram must show there was a reasonable probability that raising the issue on direct appeal would have affected the outcome of his appeal.  *Lee v. Davis*, 328 F.3d 896, 901 (7th Cir. 2003).  In light of my examination of the claims,

Ingram has not made a showing that counsel was objectively unreasonable or that the outcome of his appeal would have been altered.  Accordingly, his petition must be denied.

III.

For the foregoing reasons, Ingram's § 2255 petition is denied.

**ENTER ORDER:**

_____
**Elaine E. Bucklo**
United States District Judge

Dated:  April 30, 2008